## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1173 | **DATE** | 3/12/2008 |
| **CASE TITLE** | William H. Carr (#2007-0034970) vs. Officer Ryan | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed in forma pauperis [3] is denied. . Plaintiff is given until April 1, 2008, to either pay the filing fee in this case or file an accurately and properly completed in forma pauperis application form. Plaintiff is warned that failure to either pay the filing fee or file an accurately and properly completed in forma pauperis application form by April 1, 2008, will result in the dismissal of the instant action. Plaintiff's motion for appointment of counsel [4] is denied.

■[ For further details see text below.]                                                                                          Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff William H. Carr's ("Carr") motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Carr has not properly completed his *in forma pauperis* application form. For example, he has not checked either the "Yes" box or the "No" box on his *in forma pauperis* application form next to the question asking Carr if he or anyone else living in the same residence has received in the last twelve months more than $200 in the form of any stocks, bonds, securities, or other financial instruments. (IFP Par. 5). Also, Carr failed to indicate on his *in forma pauperis* application form other details such as the city or state of his prior employment. (IFP Par. 2(a)). Carr has thus failed to provide sufficient information for the court to determine whether his motion for leave to proceed *in forma pauperis* should be granted and we deny the motion. Carr is given until April 1, 2008, to either pay the filing fee in this case or file an accurately and properly completed *in forma pauperis* application form. Carr is warned that failure to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by April 1, 2008, will result in the dismissal of the instant action.

    Carr also requests an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion,

**STATEMENT**

can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Carr has not indicated that he has made efforts to obtain counsel and this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Carr's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Carr is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of

**STATEMENT**

counsel.